UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, #2308044, <br> Petitioner, <br> v. <br> A. CAPLIN, Judge, et al., <br> Respondent(s). | Case No. 24-cv-04664-CRB (PR) <br> **ORDER OF DISMISSAL** <br> (ECF No. 3) |

Petitioner, a pretrial detainee at the Contra Costa County Jail facing state criminal charges in Contra Costa County Superior Court, has filed a second or successive pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 claiming unlawful detention on false criminal charges. Petitioner also claims various wrongdoing by several state and local officials, including arresting officers, state court judges, Napa State Hospital personnel and "creditors," and moves for leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 (ECF No. 3) which, based solely on his affidavit of poverty, is GRANTED.

Petitioner filed a prior pro se petition for a writ of habeas corpus under § 2254 challenging his pretrial detention on state criminal charges pending in Contra Costa County Superior Court which the court recently dismissed with leave to amend to file an amended petition under § 2241. See Turner v. California, 24-cv-03912-CRB (PR) (N.D. Cal. Dec. 19, 2024) (order of dismissal with leave to amend). Petitioner must show in the amended petition that he has exhausted state judicial remedies in connection with the detention and state criminal charges he is challenging and that special circumstances warrant federal intervention. See id.

To the extent petitioner seeks to bring a claim or claims challenging his pretrial detention on state criminal charges, he must do so in his first habeas case challenging his pretrial detention on state criminal charges, Turner v. California, 24-cv-03912-CRB (PR), and more specifically in

the amended petition for a writ of habeas corpus under § 2241 he was afforded leave to file in his first habeas case. And to the extent petitioner seeks to bring a separate claim or claims of wrongdoing against state and local officials in connection with his arrest, detention and/or prosecution, he must do so by filing a separate non-habeas action. See Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (only claim whose success would release claimant from confinement or shorten its duration may be brought in habeas corpus).

For the foregoing reasons, the petition for a writ of habeas corpus under § 2254 (ECF No. 1) is DISMISSED without prejudice.

The clerk is directed to close the case and terminate as moot the motion to procced IFP appearing on ECF as item number 3.

**IT IS SO ORDERED**.

Dated: December 19, 2024

_____
CHARLES R. BREYER
United States District Judge